UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**DENNIS RAY DAVIS JR.**                               CIVIL ACTION NO. 5:17-CV-1230-P

**VERSUS**                                             JUDGE ELIZABETH E. FOOTE

**ROBERT WYCHE, ET AL.**                               MAG. JUDGE KAREN L. HAYES

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Dennis Ray Davis, Jr. Plaintiff was granted leave to proceed *in forma pauperis* on October 18, 2017. (Doc. 8). Plaintiff is currently incarcerated at the Caddo Parish Jail. He complains of false imprisonment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Background

Plaintiff alleges that District Attorney James E. Stewart owes him $50,000.00 on an unpaid invoice for campaign assistance, including construction and sign placement. (Doc. 1, p. 3). Plaintiff also alleges that he was falsely imprisoned and wrongfully denied bond. (Doc. 1, p. 3).

### Law and Analysis

Plaintiff is a prisoner who has been allowed to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Plaintiff alleges that Defendant Stewart failed to pay an invoice for work done by Plaintiff. To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. See West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff has not alleged a constitutional violation by Defendant Stewart, as Plaintiff has not identified how the failure to pay an invoice violates any constitutional right or other federal law.

Plaintiff claims he was wrongfully incarcerated and denied bond. According to the Caddo Correctional Center's booking history, Plaintiff was booked on August 3, 2016, on the following charges: armed robbery; armed robbery with use of a firearm; attempted first degree murder; fourth offense operating while intoxicated ("OWI"); driving under suspension; speeding; in state fugitive; theft; second offense OWI; and, six counts of contempt of court. Bonds were set in the following amounts: $200,000.00 for armed robbery; $50,000.00 for armed robbery with use of a firearm; $250,000.00 for attempted first degree murder; $100,000.00 for fourth offense OWI; $500.00 for driving under suspension; $350.00 for speeding; and, $1,000.00 for theft. Therefore, Plaintiff's claim that he was denied bond lacks factual support.

Moreover, there is no absolute constitutional right to bail. See Broussard v. Par. of Orleans, 318 F.3d 644, 651 (5th Cir. 2003); United States v. Torres, 566 F. Supp. 2d 591, 600 (W.D. Tex. 2008).

To the extent that Plaintiff seeks a release from custody, his claim should be dismissed. A release from custody is not available through a civil rights action. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

**Conclusion**

For the forgoing reasons, IT IS RECOMMENDED that Plaintiff's complaint be DENIED and DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 1st day of November, 2017.

                                                  Karen L. Hayes
                                                  United States Magistrate Judge